UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL M. CURTIS, *et al.*,

                        Plaintiffs,

              v.

360 BUSINESS MANAGEMENT, INC., *et al.*,

                        Defendants.

No. 25-CV-03415 (KMK)

OPINION & ORDER

Appearances:

Paul M. Curtis
Pearl River, NY
*Pro se Plaintiff*

Hillary Johns, Esq.
Beverly Hills, CA
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

    Plaintiff Paul Curtis ("Plaintiff") brings this complaint against 360 Business Management, Inc. ("Defendant").[1] Before the Court is Plaintiff's Motion to Remand to state court and Defendants' Motion to Dismiss the case for lack of personal jurisdiction, forum non conveniens, and failure to state a claim. Because the amount in controversy exceeds $75,000 and there is diversity of state citizenship among the parties, the Court will deny Plaintiff's Motion to

---

[1] Paul Curtis originally filed this Complaint with Hadassah Curtis listed as an additional plaintiff. However, Hadassah Curtis has withdrawn from this Action. (*See* Decl. of Non-Participation & Disassociation (Dkt. No. 40).) Paul Curtis has also amended his Complaint to voluntarily dismiss his claims against defendants Rumble YM Inc., Aha You Thought, Inc., and Mekai Curtis. (*See* Memo Endorsement Granting Mot. to Dismiss (Dkt. No. 25).) Accordingly, Paul Curtis and 360 Business Management Inc. are the only remaining parties.

Remand.  And because there is no personal jurisdiction over Defendant in the state of New York, the Court will grant Defendant's Motion to Dismiss without prejudice.

I.  Background

A.  Factual Background

The following facts are taken from the Complaint and Plaintiff's supplemental filings,[2] and assumed true for the purpose of the motion to dismiss.  *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).  While the allegations here are brief, "the allegations of [a] pro se complaint" are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), so this Court will "construe [them] with the utmost leniency," *Balentine v. Annuci*, No. 21-CV-1383, 2022 WL 2046302, at *3 (N.D.N.Y. June 7, 2022).

Plaintiff was a board member of Rumble YM, Inc. ("Rumble"), a California corporation. (Second Suppl. Clarification re: 360 Busn. Mgmt. ("Second Supp.") 1 (Dkt. No. 22).)  "At the time the relevant events began, [he] and the other board members . . . hired 360 Business Management to handle corporate compliance, payroll, and tax filings."  (*Id.*)  Defendant "accepted the engagement with full awareness of th[e] fact" that Rumble's "books and records were disorganized;" Defendant's task was "specifically to bring the company into compliance." (*Id.*)  The hiring was memorialized in a "written engagement agreement dated June 20, 2023," and provided "no authority for 360 Management to act as a corporate officer, execute ownership decisions, initiate or complete the dissolution of entities, terminate salaries, or exclude board

---

[2] *See Kamdem-Ouaffo v. Pepsico, Inc.*, No. 14-CV-227, 2015 WL 1011816, at *5 n.11 (S.D.N.Y. Mar. 9, 2015) ("[W]here new allegations in a pro se plaintiff's responsive memoranda are consistent with the allegations contained in the complaint, they may be read as supplements to the pleadings." (internal quotation marks and citations omitted)).

members from corporate operations." (Suppl. Statement of Clarification re: 360 Busn. Mgmt. ("First Supp.") 1 (Dkt. No. 9)).

Plaintiff's salary was later "abruptly stopped by" Defendant, and Plaintiff was then "locked out of corporate systems." (Second Supp. 1.) Plaintiff "eventually learned only through a Franchise Tax Board alert that Rumble YM, Inc. had been suspended" because "[s]everal of the required documents" that Rumble "submitted to 360 had not been filed."[3] (*Id.*) Defendant received "approximately 95% of the necessary documents" from Rumble, but "[i]nstead of starting the work," "failed to act entirely." (*Id.*) Accordingly, Plaintiff contends "the dissolution of Rumble YM, Inc., the removal of key directors [including Plaintiff], and the cessation of salary payments" breached Rumble's contract with Defendant. (First Supp. 2).

B. Procedural History

Plaintiff initiated this Action in the Supreme Court of New York, Rockland County on March 24, 2025. (Notice of Removal Ex. A, at 1 (Dkt. No. 1).) Defendant removed to this Court on April 24, 2025. (Notice of Removal 1 (Dkt. No. 1).) Plaintiff moved to remand the case to state court on April 30, 2025. (Mem. of Law in Supp. of Mot. to Remand (Dkt. No. 7).) Plaintiff moved to voluntarily dismiss his claims against all defendants except 360 Business Management on July 11, 2025, (Mot. for Voluntary Dismissal (Dkt. No. 23)), which this Court granted on July 14, 2025, (Mem. Endorsement Granting Mot. to Dismiss (Dkt. No. 25)). Defendant moved to

---

[3] The California Franchise Tax Board is a California state agency responsible for assessing personal and corporate income tax in the state and has the authority to suspend businesses subject to its jurisdiction "for failure to meet [the business's] tax requirements." *Suspended or Forfeited Business Entities*, St. of Cal. Franchise Tax Bd. (Dec. 2021), https://www.ftb.ca.gov/about-ftb/newsroom/tax-news/december-2021/suspended-or-forfeited-businesses.html.

dismiss the Complaint on September 19, 2025, contending the Complaint fails to state a claim and this Court lacks personal jurisdiction over Defendant and that this is not a convenient forum, and the Court should accordingly either dismiss or transfer the case to a more suitable venue. (Mot. to Dismiss (Dkt. No. 36)).[4] Plaintiff did not file any opposition by the October 6, 2025 deadline.

## II.  Discussion

### A.  Standard of Review

#### 1.  Motion to Remand

"'Federal courts are courts of limited jurisdiction' that 'possess only that power authorized by Constitution and statute.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  After a case is removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c). Defendant bears the burden of demonstrating that federal subject matter jurisdiction exists.  *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." (quotation marks and citations omitted)).  "Unless that burden is met, the case must be remanded back to state court.  At [the motion to remand] stage . . . the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise."  *Id.* (quoting *Bellido–Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d

---

[4] Defendant filed the same motion on May 20, 2025, (*see* Mot. to Dismiss (Dkt. No. 12)), but pursuant to this Court's Individual Rules, the motion being reviewed is the one filed after the September 10, 2025 pre-motion conference, (*see* Mot. to Dismiss (Dkt. No. 36)).

161, 163 (S.D.N.Y. 2000) (quotation marks omitted)).  In other words, "federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

                      2.  Motion to Dismiss or Transfer for Lack of Personal Jurisdiction

"[R]esolution of a [Rule 12(b)(2)] motion to dismiss for lack of personal jurisdiction made in the Southern District of New York requires a two-step analysis."  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).  "First, the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant," such as under the New York long-arm statute.  *Id.*  Second, if such a basis for jurisdiction exists, "the court must then determine whether the extension of jurisdiction is permissible under the Due Process Clause of the Fourteenth Amendment."  *Id.*

On a Rule 12(b)(2) Motion, the plaintiff has the burden of establishing that the court maintains jurisdiction over the defendant.  *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).  However, "[p]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction."  *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (alteration in original) (italics, citation, and quotation marks omitted); *see also Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008) ("Where . . . a district court relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction over the defendant." (quotation marks omitted)).  "[A] prima facie showing

5

of jurisdiction does not mean that [the] plaintiff must show only some evidence that [the] defendant is subject to jurisdiction; it means that [the] plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997).  A plaintiff may "make this showing through his own affidavits and supporting materials[,] containing an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (alterations in original) (citations and quotation marks omitted).

While a court may consider materials beyond the pleadings, the court must credit a plaintiff's allegations in support of jurisdiction and "construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (citing *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to do the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."); *Harrington Glob. Opportunity Fund, Ltd. v. CIBC World Markets Corp.*, 585 F. Supp. 3d 405, 413 (S.D.N.Y. 2022) ("In evaluating whether [the] [p]laintiff has made out a prima facie case of personal jurisdiction, a court must construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." (quotation marks omitted)).  However, "[p]leadings that assert only 'conclusory non-fact-specific jurisdictional allegations' or state a 'legal conclusion couched as a factual allegation' do not meet this burden." *Pruthi v. Empire City Casino*, No. 18-CV-10290, 2022 WL 596370, at *2 (S.D.N.Y. Feb. 28, 2022) (quoting

6

*Janzini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (explaining that a court cannot "draw 'argumentative inferences' in the plaintiff's favor" in considering Rule 12(b)(2) motion (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992))).

### 3.  Motion to Dismiss or Transfer for Forum Non Conveniens

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a . . . statute." *Norex Petroleum, Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) (*superseded in part by statute*, 28 U.S.C. § 1404(a), *as recognized in*, *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994))).[5]  "[D]istrict courts enjoy broad discretion in applying this principle," but a "three-step process" "guide[s] the exercise of that discretion." *Id.*  The first step is to "begin with the assumption that the plaintiff's choice of forum will stand unless the defendant meets the burden of demonstrating" the following steps, although "the degree of deference given to a plaintiff's forum choice varies with the circumstances." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001).  The second step is to "consider whether an adequate alternative forum exists." *Id.* at 74.  If one does, the third step is to balance "private interest factors—the convenience of the litigants," with "public interest factors" like administrative difficulties for the courts, the relationship of local juries to

---

[5] *Miller* recognized that, after 28 U.S.C. § 1404(a), "district courts were given more discretion to transfer . . . than they had to dismiss on grounds of *forum non conveniens*." 510 U.S. at 449 n.2.  Accordingly, "dismissal would be improper" on forum non conveniens grounds where there is an adequate forum to which a federal court can transfer the case, but remains proper "where the alternative forum is abroad." *Id.*; *see also Nieves v. Am. Airlines*, 700 F. Supp. 769, 771 (S.D.N.Y. 1988) ("[S]ince the enactment of [§ 1404(a)], the courts have universally held that if the forum is found to be inconvenient, the remedy is transfer and not dismissal.").

the litigation, "local interests[s] in having localized controversies decided at home," and holding trials of diversity cases "in a forum that is at home with the state law that must govern the case." *Id.* (citing *Gilbert*, 501 U.S. at 509).

### 4. Motion to Dismiss for Failure to State a Claim

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-

8

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (noting that a district court should only consider the complaint, documents appended to the complaint or incorporated by reference, and matters judicial notice can be taken of in ascertaining facts for a motion to dismiss).

    B. Analysis

        1. Motion to Remand

Defendant invoked this Court's diversity jurisdiction to remove this action. (*See* Notice of Removal 1 (Dkt. No. 1).) "The district courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between," *inter alia*, "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff argues this case should be remanded to state court. (*See* Mem. of Law in Supp. of Mot. to Remand (Dkt. No. 7). The Court agrees with Defendant that this case was properly removed.

First, Defendant has established that this Action is between citizens of different States. Defendant is a California corporation with its principal place of business in California. (Notice of Removal 1 (Dkt. No. 1); Decl. of Reginald Gooden in Supp. re: Notice of Removal 1 (Dkt. No. 5) ("360 Business Management is a California corporation[.]"). That makes Defendant a citizen of California for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) ("For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." (citations omitted)). And Plaintiff appears to be a citizen of New York. (*See* Mem. of Law in Supp. of Mot. to Remand 1 (Dkt. No. 7) (not contesting Defendant's claim that he is a citizen of New York); First Supp. 2 ("At the time salary payments were unlawfully stopped, Plaintiff was living full-time in New York."); Second Supp. 1 (listing a New York address for Plaintiff); Letter from Pl. to Court (July 8, 2025) (Dkt. No. 24) (same); Letter from Pl. to Court (July 23, 2025) (Dkt. No. 26) (same); Letter from Pl. to Court (August 8, 2025) (Dkt. No. 33) (same).)

Second, Defendant has established that the amount in controversy here exceeds $75,000. "This Court recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction*

10

*Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999) (citation omitted).  Here, the complaint seeks $119,000.  (Notice of Removal Ex. A, at 3 (Dkt. No. 1).)  And neither Party disagrees this is a good faith representation of the amount in controversy.  (*See* Notice of Removal 3 (Dkt. No. 1) (accepting the complaint's representation of the amount in controversy); Mem. of Law in Supp. of Mot. to Remand 1 (Dkt. No. 7) (contending diversity jurisdiction did not exist because the "amount in controversy is not established," although the complaint clearly seeks damages in excess of the statutory minimum).)

Finally, Plaintiff contends "[r]emoval was defective procedurally" because he "was not properly served notice," and "[t]imeliness and proper notice are required for removal to be valid."  (Mem. of Law in Supp. of Mot. to Remand 1 (Dkt. No. 7)).  "Promptly after the filing of [a] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  The docket in the state case indicates Defendant followed this procedure, posting both a copy of the notice after filing it with this Court within the removal deadline, and a certificate indicating Plaintiff was served via mail and email at the physical address and email address he provides in this action.  *See* Notice of Filing of Notice of Removal, *Curtis v. 360 Bus. Mgmt.*, No. SU-2025-000006 (Sup. Ct. N.Y. May 1, 2025).[6]

Accordingly, the Complaint satisfies the requirements for diversity jurisdiction and was properly removed.  Therefore, the Court denies the Motion to Remand.  *See Marcus v.*

---

[6] The Court takes judicial notice of the state docket in resolving this motion, as "courts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings."  *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)

*Quattrocchi*, 715 F. Supp. 2d 524, 536 (S.D.N.Y. 2010) ("As a result, the Court finds that it has subject matter jurisdiction over this matter and that the Plaintiffs' Motion to Remand should be dismissed.").

### 2.  Motion to Dismiss for Lack of Personal Jurisdiction

"There are three requirements for the Court to exercise personal jurisdiction." *Johnson v. Stop & Shop Supermarket Co.*, No. 22-CV-9691, 2024 WL 1217074, at *6 (S.D.N.Y. Mar. 21, 2024) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–61 (2d Cir. 2012)).

> First, the plaintiff's service of process upon the defendant must have been procedurally proper. Second, there must be a [state] statutory basis for personal jurisdiction that renders such service of process effective. Third, the exercise of personal jurisdiction must comport with constitutional due process principles.

*Id.* (quotation marks and citations omitted).  Defendant appears to only contest the second two requirements.  (*See* Mot. to Dismiss 9–10 (Dkt. No. 36).)  The Court begins and ends with the second requirement—there is no statutory basis for personal jurisdiction over Defendant in New York.

Personal jurisdiction in New York courts is based on the state's long-arm statute, N.Y. C.P.L.R. §§ 301–02.  *See Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 198 (2d Cir. 1990); *Johnson*, 2024 WL 1217074, at *6.  Section 301 establishes "general" personal jurisdiction—that is, jurisdiction over a defendant for any claim that could be brought against

---

(citation omitted); *see also United States v. Miller*, No. 24-CR-237, 2025 WL 1014742, at *1 n.1 (D. Conn. Apr. 4, 2025) (taking judicial notice of a notice of removal filed in state court); *Town of Newburgh, N.Y. v. Newburgh EOM LLC*, No. 24-CV-5059, 2025 WL 934381, at *2 n.5 (S.D.N.Y. Mar. 27, 2025) ("The Court takes judicial notice of the docket entries filed in the state court from which Ramada removed this case." (citation omitted)).

them because they are "at home" in that jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Johnson*, 2024 WL 1217074, at *6. Section 301 is inapplicable because Defendant is domiciled in California, not New York, and there is no indication Defendant was physically served in New York or consented to New York's jurisdiction. *Lesavoy v. Brady*, _ N.Y.S. 3d _, 2025 WL 2845460, at *2 (2d Dep't 2025); *Johnson*, 2024 WL 1217074, at *6.

Section 302 establishes "specific" personal jurisdiction—that is, jurisdiction over a defendant where there is an "articulable nexus or substantial relationship between the cause of action sued upon, or an element thereof, and the defendants' business transactions in New York." *Aybar v. US Tires & Wheels of Queens, LLC*, 178 N.Y.S. 3d 73, 73 (2d Dep't 2022) (internal citations and quotation marks omitted). But the Complaint does not point to any transaction by Defendant in New York or any of Defendant's conduct reaching into the state. (*See generally* Notice of Removal, Ex. A (Dkt. No. 1); *see also* Decl. of Reginald Gooden 1–2 (Dkt. No. 5) (explaining Defendant's business activities are conducted in California).) Nor does the Complaint allege any of the circumstances that tend to establish specific personal jurisdiction over contract actions in New York—namely, that Defendant has an "ongoing contractual relationship" with a New York party (Plaintiff seems to allege Defendant had a contractual relationship with *Rumble*, a California corporation that is not a plaintiff here, (*see* First Supp. 1–2)); that "the contract was negotiated or executed in New York;" that the contract's choice-of-law is New York law; or that the contract "requires notices and payments to be sent into [New York]" or requires "supervision . . . in [New York]." *Roper Starch Worldwide, Inc. v. Reymer & Assocs.*, 2 F. Supp. 2d 470, 474 (S.D.N.Y. 1998) (citing *Agency Rent A Car Sys., Inc. v. Grant Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996)); *accord Chalfin v. Go Big Solar, LLC*, No. 24-

13

CV-4768, 2025 WL 2022012, at *6 (S.D.N.Y. July 17, 2025) ("Although all factors are relevant, no one factor is dispositive[.]" (citing *Agency Rent A Car Sys.*, 98 F.3d at 23)).  There is thus no "nexus" or "relationship" between the cause of action and Defendant's transactions in New York.  *Aybar*, 178 N.Y.S. at 73.

Therefore, there is no personal jurisdiction over Defendant in New York, and the Court thus grants Defendants' Motion to Dismiss for lack of personal jurisdiction without prejudice.[7] Plaintiff may seek leave to amend his Complaint to plead facts establishing personal jurisdiction in New York; if he cannot, he is free to refile in a district where he can establish personal jurisdiction over Defendant.  *See Z.A. by & through Archibald v. Hyatt Corp.*, No. 24-CV-3742, 2025 WL 2411012, at *4 (S.D.N.Y. Aug. 20, 2025) (granting permission to seek leave to amend to "set[] forth factual grounds for the exercise of personal jurisdiction over Defendant"); *DeLorenzo v. Rickets & Assocs.* No. 15-CV-2506, 2017 WL 4277177, at *12 (S.D.N.Y. Sept. 25,

---

[7] Courts can dismiss a case if they lack personal jurisdiction or transfer it to a proper venue.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  "The relevant inquiry" as to whether to transfer or dismiss "is whether the interests of justice militate in favor of transfer or dismissal," and "[t]his decision lies within the court's discretion."  *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 648, 650 (S.D.N.Y. 2003) (internal citations and quotation marks omitted).  None of the reasons courts ordinarily consider a transfer to be in the interests of justice are present here—for example, there is no prejudice to Plaintiff from refiling in an appropriate venue, or a statute of limitations that would bar his claim.  *See Johnson v. Ducharme*, No. 24-CV-5107, 2025 WL 2482711, at *2–3 (E.D.N.Y. Aug. 28, 2025); *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011).  And this Court can "peek at the merits" as part of this inquiry, *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999), because "whether or not the suit has any possible merit bears significantly on whether the court should transfer," *id.* at 610–11.  This Court has concerns about the suit's merits:  Plaintiff's complaint and supplements do not show *he* was a party to the contract, (*see* First Supp. 1–2; Second Supp. 1), concede Defendant did not receive all necessary documents from Plaintiff, (*see* Second Supp. 1), and do not suggest any terms of the alleged contract that Defendant breached.  *See Twombly*, 550 U.S. at 555 (holding a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level").  Accordingly, this Court finds dismissal without prejudice is in the interests of justice.

2017) (granting a Rule 12(b)(2) motion to dismiss and granting "leave for Plaintiff to refile in a court having personal jurisdiction over Defendants").  Because the Court grants Defendant's Rule 12(b)(2) motion, it denies Defendant's Rule 12(b)(6) Motion and Motion to Dismiss for forum non conveniens as moot.  *See Kuklachev v. Gelfman*, No. 08-CV-2214, 2009 WL 290466, at *4 (E.D.N.Y. Feb. 5, 2009) ("[Defendants'] motion to dismiss pursuant to Rule 12(b)(2) is granted, and the motion to dismiss pursuant to Rule 12(b)(6) is denied as moot.").

### III.  Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion to Remand and grants in part Defendant's Motion to Dismiss.  Plaintiff's claims are dismissed without prejudice.  If Plaintiff wishes to file an amended complaint alleging additional facts and addressing the deficiencies identified above, Plaintiff must do so within 30 days of the date of this Opinion & Order.  Failure to properly and timely amend will likely result in dismissal of the claims against Defendant with prejudice.  Otherwise, Plaintiff may refile his complaint in a proper venue.

The Clerk of Court is respectfully directed to terminate the pending Motions, (Motion to Remand, Dkt. No. 6; Motion to Dismiss, Dkt. No. 12 and Dkt. No. 36), and to mail a copy of this Opinion & Order to Plaintiff's address listed on the docket.

SO ORDERED.

Dated:　　November 12, 2025
　　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　KENNETH M. KARAS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE