UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL M. CURTIS,

*Plaintiff*,

v.

360 BUSINESS MANAGEMENT, INC., *et al.*,

*Defendants*.

No. 25-CV-3415 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

This Action was removed to this Court on April 24, 2025. (*See* Notice of Removal (Dkt. No. 1).) The Court granted Defendants' Motion to Dismiss the Second Amended Complaint on November 11, 2025, on the basis that the Court lacked personal jurisdiction over Defendants. (*See* Op. & Order (Dkt. No. 46).) The dismissal was without prejudice, and the Court granted Plaintiff leave to amend. (*Id.*) Plaintiff then submitted several new filings, none of which was an amended complaint. (*See* Memo Endorsement (Dkt. No. 52).) The Court offered Plaintiff more time to file "a single complaint stating the facts that are the basis for his claim and his legal basis for relief." (*Id.*) Plaintiff then filed a letter requesting the Court docket an attached amended complaint, (*see* Letter from Pl. to Court (Mar. 15, 2026) (Dkt. No. 53)), but no complaint was in fact attached to that letter, (*see* Memo Endorsement (Dkt. No. 54)). The Court accordingly gave Plaintiff further time to file an amended complaint. (*Id.*) The endorsement in which the Court did so was mailed to Plaintiff but returned to sender. (*See* Dkt. (entry dated Apr. 13, 2026).) The Court offered Plaintiff until May 22, 2026 to file an amended complaint, warning him that failure to do so could result in dismissal of this Action for failure to prosecute.

(*See* Memo Endorsement (Dkt. No. 55).) Plaintiff did not do so, and there has been no docket activity since.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of the Action. As to the first factor, Plaintiff has not contacted the Court since March 15, 2026, despite the Court's requests that he do so. (*See generally* Dkt.) "Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice," and the delay here has been that long. *Go Home, Ltd. v. Infinite Harmony, Inc.*, No. 18-CV-4358, 2020 WL 13157535, at *2 (E.D.N.Y. Sept. 17, 2020), *report and recommendation adopted*, 2021 WL 7906530 (E.D.N.Y. May 6, 2021); *see also Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013) (substantively same). As to the second factor, the Court informed Plaintiff that further delay would be a reason for dismissal and provided Plaintiff time to respond. (*See* Memo Endorsement (Dkt. No. 55) (warning Plaintiff that "this Action may be dismissed for failure to prosecute" if he does not file an amended complaint by the deadline set by the Court).) As to the third factor, there is a presumption that Defendants will be prejudiced by further delays. "Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered." *Go Home, Ltd.*, 2020 WL 13157535, at *2 (citing *Caussade*, 293 F.R.D. at 630). "Here . . . Plaintiff's lack of action in prosecuting this case creates the presumption that the delay is prejudicial against Defendant, weighing in favor of dismissal." *Id.* As to factor four, dismissing this case would undoubtedly promote efficiency and ease congestion. And where a plaintiff "has shown little interest in prosecuting" their case, failed to comply with the Court's orders, and fallen out of

contact, this factor weighs in favor of dismissal. *Caussade*, 293 F.R.D. at 631. Finally, as to the fifth factor, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record," *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010), which is the case here because Plaintiff has not engaged with this Action on the docket in more than six months.

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the [p]laintiff can be responsible for notifying the court and the [d]efendant of his updated address, and [the p]laintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully directed to close this case and mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED: October 2, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE